# In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 03-3213

ALLAN O. MOORE, SR.,

*Petitioner-Appellant,*

*v.*

STEPHEN MOTE,

*Respondent-Appellee.*

————————

Appeal from the United States District Court
for the Central District of Illinois.
No. 03 C 1206—**Joe Billy McDade**, *Chief Judge.*

————————

SUBMITTED NOVEMBER 14, 2003—DECIDED MAY 17, 2004

————————

Before BAUER, RIPPLE and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Allan Moore, Sr. filed a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, seeking federal review of his conviction for possession with intent to distribute cocaine. The district court concluded that Moore's petition presents claims that are pending before a state post-conviction court. Rather than entering judgment against Moore, the court dismissed the petition with leave to refile the case once Moore exhausts his state court remedies. Moore filed a notice of appeal from the dismissal, which we construe as an application for a certificate of appealability. *See* 28 U.S.C. § 2253(c). We dismiss the action for lack of jurisdiction because the district court order dismissing Moore's case is not a final judgment.

Generally, this court has jurisdiction only to review final judgments, 28 U.S.C. § 1291. The district court's order dismissing the case without prejudice is not final because it explicitly contemplates the court's continuing involvement in the case: "It must be emphasized that this dismissal is without prejudice and Petitioner will be entitled to renew his § 2254 petition upon completion of review of his claims by the Illinois state court system." R. 8, Or. of 8/6/03. *See Cunningham v. Hamilton Cy., Oh.*, 527 U.S. 198, 204 (1999) ("[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (quotation omitted); *see also TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 678 (7th Cir. 2003) (The "judge made it clear that he has washed his hands of the case, the resolution is as final as it can be. Nothing more ever will happen in the district court.").

This court has held that there are "special circumstances" under which the dismissal of a case without prejudice may constitute a final appealable order. *See Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001). Special circumstances are present when it is clear that it is impossible for the plaintiff to amend the filing to remedy the problem that prompted the dismissal. *See Furnace v. Bd. of Tr. of S. Ill. Univ.*, 218 F.3d 666, 669 (7th Cir. 2000). No special circumstances exist here because Moore can easily return to state court, conclude his pending action, and then submit the state court decision (either confirming or disproving the district court's belief that state remedies remain available to Moore) to the district court. *Cf. Strong v. David*, 297 F.3d 646, 648 (7th Cir. 2002) (district court order is final because petitioner had exhausted all administrative remedies and there were no further state remedies available).

Additionally, the district court order dismissing Moore's petition is not reviewable under the collateral order doctrine, which provides an appellate court with jurisdiction over non-final orders that (1) conclusively determine a

disputed question, (2) resolve an issue completely separate from the merits of the actions, and (3) are effectively unreviewable on appeal from a final judgment. *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 662-63 (7th Cir. 1998). As stated, the district court order is not conclusive; Moore can return to state court, conclude the pending post-conviction proceedings, and then submit the state court decision to the district court.

Likewise, the district court's exhaustion determination will be reviewable on appeal from a final judgment. This question has not previously arisen in the habeas corpus context because, pre-AEDPA, there were no time limits on filing petitions. Thus, when a petitioner failed to exhaust, a district court could dismiss without prejudice without harming the petitioner, and this court would review the exhaustion determination. Under these circumstances the exhaustion determination really was unreviewable on appeal from a final judgment because the final judgment would come in an entirely different legal action. With the advent of AEDPA's statute of limitations, a dismissal, even without prejudice, can harm a petitioner and, thus, *Newell v. Hanks*, 283 F.3d 827 (7thCir. 2002), instructs district courts to stay actions rather than dismiss them. Accordingly, instead of filing new law suits, petitioners simply reopen their first federal collateral attack. From a petitioner's perspective, this procedural distinction probably appears meaningless, but legally the distinction is significant: the exhaustion determination now can in fact be addressed on appeal from a final judgment because it is part of the same legal action. *See Davis v. Streestra*, 227 F.3d 759, 762 (7th Cir. 2000) (Seventh Circuit lacked jurisdiction over appeal from the district court's exhaustion determination under 42 U.S.C. § 1997e in prisoners' civil rights cases because the issue could be resolved on appeal from final judgment). As a practical matter, AEDPA's Certificate of Appeal (CA) requirement may prevent many

exhaustion determinations from receiving appellate review, but that would be the case whether we address the issue now or after final judgment. *Cf. In re Carlson*, 224 F.3d 716, 718 (7th Cir. 2000) ("[T]he order itself is effectively final [because] the hypothetical chance to complain after final judgment in the principal action does the losing party little good.").

Moore now has two options. His safest course of action would be to return to state court and conclude his post-conviction proceedings. If further state review is precluded for any reason, Moore can return to federal court and definitively establish exhaustion. Practically, under this scenario, federal relief may be denied on the unexhausted claims because he did not properly present them to the state courts. On the other hand, if the state courts reject those claims the district court thought unexhausted on the ground that they were decided on direct appeal, the procedure will have the beneficial effect of preventing the district court from erroneously denying them as defaulted. Likewise, if the district court was correct that Moore has state remedies available and the state court rules on his unexhausted claims, he can return to federal court and receive substantive federal review.

Moore's second, and more risky, option is to ask the district court to enter a final judgment on its order dismissing the petition. *See, e.g., First Health Group Corp. v. BCE Emergis Corp.*, 269 F.3d 800, 802 (7th Cir. 2001) (appellant rendered non-final order final for purposes of appeal by electing to dismiss claims unconditionally); *JTC Petroleum Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 776-77 (7th Cir. 1999) (plaintiffs agreed to treat district court's dismissal as being with prejudice, "thus winding up the litigation and eliminating the bar to our jurisdiction"). He should do so, however, only if he is absolutely sure he has exhausted his state remedies because a final judgment represents the end of this case. Even if the district court

was wrong and Moore has exhausted his remedies, this court would not grant a CA on the exhaustion issue unless Moore could also show a substantial denial of a constitutional right. *Slack v. McDaniels*, 529 U.S. 473, 484 (2000). Thus, under this option, even if the district court erroneously dismissed the petition, Moore might not receive substantive review of his constitutional claims.

Moore's appeal is DISMISSED for lack of jurisdiction.


A true Copy:

       Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*