In the

# United States Court of Appeals

### For the Seventh Circuit

No. 05-3781

JAMES P. DOLIS,

*Petitioner-Appellant,*

*v.*

JOHN CHAMBERS,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 1189—**Paul E. Plunkett**, *Judge.*

ON PETITION FOR REHEARING

SUBMITTED APRIL 14, 2006—DECIDED JULY 24, 2006

Before ROVNER, WOOD, and WILLIAMS, *Circuit Judges.*

WOOD, *Circuit Judge.* On March 31, 2006, this court issued an order granting petitioner James P. Dolis's implicit request for a certificate of appealability from the district court's dismissal without prejudice of his petition for habeas corpus relief under 28 U.S.C. § 2254. That order also vacated the district court's decision and remanded with instructions to consider a stay of the federal court proceedings following *Newell v. Hanks*, 283 F.3d 827 (7th Cir.

2002).[1] Respondent has filed a Request for Reconsideration of This Court's Order Dated March 31, 2006, which we have construed as a Petition for Rehearing. We have carefully considered the State's argument that we have no jurisdiction over this appeal, but in the final analysis we conclude that our original decision was correct. We therefore deny the petition for rehearing.

The State relies heavily on this court's decision in *Moore v. Mote*, 368 F.3d 754 (7th Cir. 2004), in which we held that a district court's order dismissing a petition for a writ of habeas corpus with leave to refile after the prisoner exhausted his state court remedies was not a final judgment, and thus we had no jurisdiction over the appeal. We also noted there, however, that "there are 'special circumstances' under which the dismissal of a case without prejudice may constitute a final appealable order," and we explained that such circumstances are present "when it is clear that it is impossible for the plaintiff to amend the filing to remedy the problem that prompted the dismissal." *Id.* at 755. See also *Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001). In *Moore*, the petitioner's claims were already pending before an Illinois court for post-conviction review, and thus the petitioner retained the opportunity to return to federal court after the conclusion of his state post-conviction proceedings to "definitively establish exhaustion" and "receive substantive federal review" of any exhausted claim. 368 F.3d at 756.

The situation that Dolis faces, in which a new federal petition would be barred as untimely, seems to us to be just

---

[1] The caption in this case has been amended, at the government's request, to reflect that Dolis's current custodian is John Chambers, the warden of the Danville Correctional Center, to which Dolis has been transferred. Rules Governing § 2254 Cases, Rule 2(a); Fed. R. App. P. 43; see also *Araujo v. Chandler*, 435 F.3d 678, 679 (7th Cir. 2005).

such a "special circumstance" where a dismissal without prejudice is effectively final. In Dolis's case, the district court dismissed for failure to exhaust state court remedies under circumstances in which it contemplated that Dolis could return and refile after exhaustion. Dolis may indeed still be able to pursue post-conviction relief in Illinois state court, but at this point, unless the present case can be saved, he is precluded by the one-year statute of limitations for federal habeas corpus petitions from bringing a claim under 28 U.S.C. § 2254. See, *e.g.*, *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("The state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding. . . . "). We note, in this connection, that the date of finality of Dolis's conviction is different under Illinois state law and under the federal Antiterrorism and Effective Death Penalty Act (AEDPA). Because Dolis did not pursue his direct appeal before the Illinois appellate court (because of the ineffectiveness of counsel, he says), his conviction became final for purposes of Illinois state court proceedings on September 10, 2003, and he had three years from that date in which to file a state petition for collateral relief. 725 ILCS 5/122-1(c). See *People v. Ross*, 818 N.E.2d 738, 741 (Ill. App. 2004). By contrast, for federal petitions for habeas corpus, the date when the statute begins to run is set out in 28 U.S.C. § 2244(d)(1)(A): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See *Day v. McDonough*, 126 S. Ct. 1675, 1679 (2006).

Nothing has occurred to toll § 2244(d)(1)'s one-year statute of limitations since the district court acted. Dolis has not yet pursued any state court post-conviction remedies, and his federal habeas corpus petition did not stop the clock, see *Duncan v. Walker*, 533 U.S. 167, 180 (2001). Under the circumstances, the district court's decision dismissing Dolis's petition without prejudice became

effectively final at the moment when the one-year federal limitations period expired. This court has recognized a number of different circumstances under which a district court judgment that initially was nonfinal became final under analogous circumstances. See, *e.g.*, *Otis v. City of Chicago*, 29 F.3d 1159, 1165-66 (7th Cir. 1994) (*en banc*) (judgment became final for purposes of appeal after time to reinstate complaint expired); see also *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("[I]f an amendment would be unavailing, then the case is dead in the district court and may proceed to the next tier."); *JTC Petroleum Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 776-77 (7th Cir. 1999) (nonfinal order dismissing claims without prejudice became final for purposes of appeal when counsel agreed at appellate oral argument to conversion to dismissal with prejudice). Dolis's situation is similar. Very shortly after the district court dismissed his case, it became impossible for him to refile it, because it would be barred by the statute of limitations. This case is thus different from *Moore v. Mote*, *supra*, for in *Moore* a petition for post-conviction relief under adjudication in the Illinois state courts stayed the AEDPA statute of limitations, thereby enabling the petitioner to return later to federal court and pursue substantive relief on all exhausted claims. See *Moore*, 368 F.3d at 755 ("No special circumstances exist here because Moore can easily return to state court, conclude his pending action, and then submit the state court decision (either confirming or disproving the district court's belief that state remedies remain available to Moore) to the district court.").

Since *Moore* was decided, the Supreme Court has spoken to one variant of this problem. In *Rhines v. Weber,* 544 U.S. 269 (2005), the Court considered "whether a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal

court for review of his perfected petition." *Id.* at 271-72. It concluded that the district courts indeed possess that discretion. The Court took note of the fact that AEDPA both requires "total exhaustion," see 28 U.S.C. § 2254(b)(1)(A), and imposes a one-year statute of limitations on habeas corpus petitioners, see 28 U.S.C. § 2244(d)(1). Thus, the Court observed, "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." 544 U.S. at 275. In appropriate but limited circumstances, therefore, the Court concluded that the "stay and abeyance" procedure used by the district court in the case before it was proper. It cautioned against overuse of that procedure, however, because of the potential to undermine the twin purposes of AEDPA to encourage finality by requiring prompt resolution of federal habeas corpus petitions and to streamline the process by requiring total exhaustion of state court remedies prior to the federal action. *Id.* at 277. The district court must decide whether the petitioner had good cause for his failure to exhaust all claims and whether the unexhausted claims have some possible merit. *Id.* at 277-78.

Nothing in the Supreme Court's decision in *Rhines* gives us reason to alter our conclusion in *Moore* that a dismissal of a habeas corpus petition without prejudice for purposes of permitting the petitioner to exhaust his remedies in state court is not itself a final order. We must therefore decide whether the exercise of jurisdiction over the district court's order in Dolis's case, implicitly denying a stay pending exhaustion, is inconsistent with *Rhines*. We conclude that it is not. In the present case, we have no need to rely on the collateral order doctrine, which provided the basis for appellate jurisdiction in *Rhines*, because the petition was a mixed one with some exhausted and some unexhausted claims. In our case, Dolis had not exhausted any of his claims; it is the fact that it eventually became too

late for him to amend his petition to cure this defect that makes the district court's entire judgment a final and reviewable one.

Our approach is consistent with the cases requiring a district court to consider whether a stay is appropriate under circumstances like Dolis's where the dismissal would effectively end any chance at federal habeas review. See, *e.g.*, *Newell*, 283 F.3d at 834 ("[T]he federal action should have been stayed, not dismissed, while the Indiana court ruled on Newell's pending motion."); *Post v. Gilmore*, 111 F.3d 556 (7th Cir. 1997). See also *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."); *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J. concurring) ("In our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so . . . when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period."); *Akins v. Kenney*, 410 F.3d 451, 455-56 & n.1 (8th Cir. 2005) (remanding for the district court to consider *sua sponte* whether a stay should have been granted where the petitioner had not fully completed one round of state post-conviction review: "In order to determine whether a stay pending exhaustion would be appropriate in this case, [petitioner] must be given an opportunity to demonstrate good cause for his failure to exhaust his claims first in state court, to show that his unexhausted claims are not 'plainly meritless,' and to

demonstrate that he has not engaged in abusive litigation tactics or intentional delay."); *Jackson v. Roe*, 425 F.3d 654, 655 (9th Cir. 2005) (interpreting *Rhines* to require a federal court to "in limited circumstances, stay a mixed petition to allow a petitioner to present an unexhausted claim to a state court for review"). We have gone so far as to suggest that it would be wise for a petitioner to file in both state and federal court simultaneously, particularly where there is some procedural uncertainty about the state court post-conviction proceeding, and then ask the district court to stay the federal case until the state case concludes to ensure that she does not miss the one-year deadline. In keeping with *Rhines*, the district court would naturally have discretion to decide whether a stay was warranted in the particular circumstances of each case.

For these reasons, we DENY the State's petition for rehearing.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*