**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ERIC ST. GEORGE,

    Petitioner - Appellant,

v.

JERRY ROARK; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 21-1391
(D.C. No. 1:21-CV-00868-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Eric St. George, a Colorado state prisoner appearing pro se,[1] submitted a federal

habeas corpus petition under 28 U.S.C. § 2254. The district court dismissed his petition

without prejudice after concluding Mr. St. George failed to exhaust available state court

remedies. The district court also denied his request for a certificate of appealability

("COA") and his motion to proceed *in forma pauperis* ("IFP"). Mr. St. George now seeks

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. St. George is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

a COA in this court. We dismiss the appeal for lack of appellate jurisdiction and deny Mr. St. George's motion to proceed IFP.

## I.   BACKGROUND

On February 9, 2018, a jury in Jefferson County, Colorado, convicted Mr. St. George of two counts of attempted second-degree murder, two counts of first-degree assault, three counts of felony menacing, one count of illegal discharge of a firearm, and one count of sexual contact with no consent. In April 2018, a state court judge sentenced him to thirty-two years in prison plus five years of mandatory parole.

Mr. St. George directly appealed his conviction to the Colorado Court of Appeals in May 2018. Shortly thereafter, the Colorado Court of Appeals granted the Office of the Colorado State Public Defender's motion to withdraw and appointed Mr. St. George counsel from the Office of Alternate Defense Counsel. Conflict-free appellate counsel for Mr. St. George did not enter his appearance until ten months later. Mr. St. George's appellate counsel subsequently sought four extensions of time to file an opening brief, each granted by the Colorado Court of Appeals, totaling three hundred sixty-five days in extended time. After filing a fourth motion for extension of time to file an opening brief, Mr. St. George's appellate counsel sought access to a sealed transcript from a hearing relevant to the appeal. The Colorado Court of Appeals granted the motion, and the record was supplemented approximately three months later. Mr. St. George finally filed his opening brief in August 2020. The court then granted an extension for the state to file its response brief and an additional extension for Mr. St. George to file his reply brief.

2

The direct appeal was fully briefed in March 2021—almost three years after Mr. St. George initially filed his notice of appeal.

Shortly after his direct appeal was fully briefed, and while it was still pending before the Colorado Court of Appeals, Mr. St. George filed a federal habeas petition pursuant to § 2254. In the petition, he brought the same four claims he brought before the Colorado Court of Appeals: violations of the Fifth and Sixth Amendments and two violations of the Colorado Rules of Evidence. Mr. St. George's § 2254 petition was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge ordered the Respondents Jerry Roark and the Attorney General of the State of Colorado to file a Pre-Answer Response "addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A)." ROA at 108. Respondents submitted a Pre-Answer Response noting the petition was timely but arguing it should be denied because Mr. St. George had not exhausted state remedies where his direct appeal was currently pending before the Colorado Court of Appeals. Recognizing the presumption that state court remedies are ineffective if they remain pending for a period beyond two years, Respondents argued this presumption was overcome because most of the delay was due to Mr. St. George's appellate counsel's repeated requests for extensions.

The magistrate judge recommended Mr. St. George's petition be denied and the action dismissed without prejudice for failure to exhaust state remedies. The magistrate judge reasoned that where most of the delays were due to Mr. St. George's appellate counsel seeking additional time for briefing, he was not excused from exhausting state

3

remedies. Mr. St. George objected, arguing at least two years of the delay could not be attributed to his appellate counsel's requests. And even the delay caused by his appellate counsel, Mr. St. George argued, should be attributed to the state rather than himself where his counsel was appointed by the state. The district court adopted the Recommendation, denied Mr. St. George's § 2254 petition, and dismissed the action without prejudice for failure to exhaust available state remedies. The district court also denied Mr. St. George a COA and denied his motion for IFP, certifying "that any appeal from this dismissal would not be taken in good faith." *Id.* at 430.

Mr. St. George filed a timely notice of appeal from the district court's order and an application to proceed IFP. He subsequently filed a combined opening brief and request for a COA with this court. Shortly after Mr. St. George filed his opening brief with this court, the Colorado Court of Appeals affirmed his conviction. He has subsequently filed a petition for certiorari in the Colorado Supreme Court.[2]

## II. ANALYSIS

### A. Appellate Jurisdiction

At the outset, "we have an independent duty to examine our own jurisdiction." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001). Generally, this

---

[2] Although the petition for a writ of certiorari is not in the record, we take judicial notice of the case information in his direct appeal. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

court has jurisdiction only over appeals from "final decisions." 28 U.S.C. § 1291. The district court's order dismissing Mr. St. George's action without prejudice is not final because it permits Mr. St. George to refile his § 2254 petition after completion of review of his claims in state court. *See* ROA at 429 (ordering the petition be "dismissed without prejudice for failure to exhaust state remedies"); *Amazon*, 273 F.3d at 1275 (holding a decision is final when the "plaintiff has been effectively excluded from federal court under the present circumstances" (quotation marks omitted)).

In the habeas context, there are certain circumstances where a district court's dismissal of the petition without prejudice would nonetheless exclude a petitioner from federal court. For example, if a state prisoner's habeas petition were time-barred under the one-year limitation period in 28 U.S.C. § 2244(d), an order dismissing the petition even without prejudice would be considered "a final, appealable order." *See Price v. Reid*, 161 F. App'x 773, 775–76 (10th Cir. 2006) (unpublished). A dismissal without prejudice would also be considered a final, appealable order if a petitioner were unable to amend the petition to remedy the issue prompting dismissal. *Gacho v. Butler*, 792 F.3d 732, 736 (7th Cir. 2015); *see also Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004) (stating a dismissal without prejudice is a final, appealable order when "it is impossible for the plaintiff to amend the filing to remedy the problem that prompted the dismissal"). Under these circumstances, a state prisoner's habeas petition would be effectively excluded from federal court and the order would be a final, appealable order. *See Gacho*, 792 F.3d at 736 (noting these two circumstances as the "few limited circumstances under which a habeas petitioner can get around the seemingly nonfinal nature of a dismissal

without prejudice"); Brian R. Means, *Federal Habeas Manual* § 12:30 (2021 ed.) (noting a petitioner's inability to amend and time-barring as "'special circumstances' under which the dismissal of a case without prejudice may constitute a final appealable order"). However, neither circumstance applies here. Mr. St. George's petition will not be time-barred until one year after his "judgment bec[omes] final by the conclusion of direct review." 28 U.S.C. § 2244(d). Moreover, he can remedy the issue prompting dismissal of his petition by returning to state court, concluding his direct appeal, and then returning to federal court to present his petition to the district court. *See Moore*, 368 F.3d at 755 (noting "[n]o special circumstances exist here because [the petitioner] can easily return to state court, conclude his pending action, and then submit the state court decision . . . to the district court").

The order dismissing Mr. St. George's habeas petition is also not reviewable under the collateral order doctrine. Under the collateral order doctrine, orders are considered final and appealable if they (1) "are conclusive," (2) "resolve important questions completely separate from the merits," and (3) "are otherwise unreviewable after entry of a final judgment." *Trial Laws. Coll. v. Gerry Spence Trial Laws. Coll. at Thunderhead Ranch*, 23 F.4th 1262, 1268 (10th Cir. 2022). Here, the district court's order dismissing Mr. St. George's § 2254 petition is not conclusive. Instead, Mr. St. George can return to state court, exhaust his direct appeal, then refile his habeas petition in federal district court.

Other circuit courts have addressed this jurisdictional defect in the habeas context for state prisoners who have failed to exhaust available state remedies. In *Gacho v.*

6

*Butler*, 792 F.3d 732 (7th Cir. 2015), the Seventh Circuit dismissed a habeas petitioner's

appeal, concluding it lacked jurisdiction over the district court's order dismissing the

petition without prejudice because it was not a final, appealable order. *Id.* at 733. In that

case, the petitioner's requests for state postconviction relief had been pending before the

state court for several years. *Id.* at 734. After filing his third § 2254 petition with the

federal district court, the petitioner sought an exception to the state remedy exhaustion

requirement based on excessive delay. *Id.* at 735. The district court in *Gacho* denied the

petition without prejudice but invited the petitioner to "'refil[e] at the conclusion of the

state postconviction proceedings.'" *Id.* (quoting *Gacho v. Harrington*, No. 13 C 4334,

2013 WL 5993458, at \*4 (N.D. Ill. Nov. 7, 2013)). The district court found the state court

proceedings were "'currently moving at a reasonable rate,'" *id.* at 735 (quoting *Gacho*,

2013 WL 5993458, at \*2), and the Seventh Circuit agreed, concluding although the case

had "crawled along slowly" it "appear[ed] to be close to final resolution." *Id.* at 737.

Where the district court dismissed the petition without prejudice and the order

"specifically invited [the petitioner] to refile his petition when the state process

conclude[d]," the Seventh Circuit held the order was a nonfinal order over which it had

no jurisdiction. *Id.* at 735–36.[3] We find this reasoning persuasive.

---

[3] The Seventh Circuit also noted that this conclusion was not an "outlier," citing three other circuit courts concluding non-final orders in the habeas context deprived them of appellate jurisdiction. *Gacho v. Butler*, 792 F.3d 732, 736 n.2 (citing *Stanley v. Chappell*, 764 F.3d 990 (9th Cir. 2014) (dismissing an appeal from a district court's nonfinal stay-and-abeyance order)); *Curtis v. Quarterman*, 340 F. App'x 217, 218 (5th Cir. 2009) (per curiam) (unpublished) ("A dismissal without prejudice generally does not operate as an adjudication on the merits . . . ."); *Brown v. Dir., Va. Dep't of Corr.*, 6 F. App'x 122, 122 (4th Cir. 2001) (per curiam) (unpublished) ("Brown appeals

The district court similarly dismissed Mr. St. George's petition "without prejudice for failure to exhaust state remedies." ROA at 429. Although the district court did not specifically invite Mr. St. George to refile his petition after exhausting available state remedies, the order dismissing the petition without prejudice entitles him to refile the petition after completion of review of his claims in state court. As previously discussed, there are no special circumstances prohibiting Mr. St. George from refiling his petition once his state remedies have been exhausted.[4] Moreover, after more than three years of delay, Mr. St. George's direct appeal also appears to be close to a resolution now that he has filed a petition for a writ of certiorari with the Colorado Supreme Court. Under these circumstances, the order dismissing Mr. St. George's habeas petition does not exclude him from federal court and is a non-final, non-appealable order. *Amazon*, 273 F.3d at 1275. Accordingly, we do not have appellate jurisdiction to review it.

As noted by the Seventh Circuit in *Moore v. Mote*, 368 F.3d 754 (7th Cir. 2004), Mr. St. George "now has two options." *Id.* at 756. He can "return to state court and conclude his" direct appeal before the Colorado Supreme Court. *Id.* After exhausting his claims before the state court, "he can return to federal court and receive substantive federal review." *Id.* The second, "more risky, option is to ask the district court to enter a

---

the district court's order dismissing his petition . . . without prejudice . . . . Because Brown may reinstate his suit by merely providing information requested by the district court, we lack jurisdiction to decide this appeal.").

[4] Where Mr. St. George's § 2254 petition was "dismissed without prejudice for failure to exhaust state remedies [, it] does not qualify as a 'second or successive' application within the meaning of § 2244(b)(1)." *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997).

final judgment on its order dismissing the petition." *Id.* Mr. St. George "should do so . . .

only if he is absolutely sure he has exhausted his state remedies because a final judgment

represents the end of this case." *Id.* "Even if the district court was wrong and

[Mr. St. George] has exhausted his remedies, this court would not grant a [COA] on the

exhaustion issue unless [he] could also show a substantial denial of a constitutional

right." *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This means that even if

the district court erred in its procedural decision, Mr. St. George "might not receive

substantive review of his constitutional claims." *Id.*

We are without jurisdiction to review Mr. St. George's non-final appeal.

Therefore, we dismiss it for lack of jurisdiction.

### B. Motion to Proceed in Forma Pauperis

Mr. St. George also seeks to proceed IFP on appeal. The district court denied

Mr. St. George's motion to proceed IFP, certifying that "any appeal from th[e] dismissal

would not be taken in good faith." ROA at 430. To proceed IFP on appeal, he "must

show a financial inability to pay the required filing fees *and* the existence of a reasoned,

nonfrivolous argument on the law and facts in support of the issues raised on appeal."

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added); *see also*

Fed. R. App. P. 24(a)(3)(A) (providing an exception for allowing an appellant to proceed

IFP when the district court certifies the appeal is not taken in good faith); *United States v.

Ballieu*, 480 F. App'x 494, 498 (10th Cir. 2012) (unpublished) (defining "good faith" as

presenting a nonfrivolous issue); *Felvey v. Long*, 800 F. App'x 642, 646 (10th Cir. 2020)

(unpublished) (applying the IFP standard when reviewing an application for a COA for a § 2254 petition).

Mr. St. George fails to clear the first hurdle. Mr. St. George concedes he has approximately $1,200 in his prison account. With this balance, Mr. St. George has not demonstrated his financial inability to pay the filing of this appeal. *See United States v. Collazo*, 672 F. App'x 796, 798 (10th Cir. 2016) (unpublished) (denying a motion to proceed IFP where the appellant "concede[d] he ha[d] approximately $1,500 in his prison account"); *Todd v. Att'y Gen. of Okla.*, 377 F. App'x 832, 834 (10th Cir. 2010) (unpublished) (denying a motion to proceed IFP where the appellant "indicate[d] that he has $523.00 in his savings account," concluding this demonstrated "the ability to pay the $455 fee for th[e] appeal"); *McKnight v. Dinwiddie*, 362 F. App'x 900, 904 (10th Cir. 2010) (unpublished) (concluding an excess of $700 demonstrated a petitioner's financial ability to pay a $455 filing fee for the appeal). Accordingly, we deny the motion to proceed IFP and order Mr. St. George to pay the unpaid balance of the appellate filing fee.

## III. CONCLUSION

We DISMISS Mr. St. George's appeal for lack of appellate jurisdiction and DENY his motion for leave to proceed *in forma pauperis*.

Entered for the Court


Carolyn B. McHugh
Circuit Judge