**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN ANTHONY WILSON,

    Petitioner - Appellant,

v.

JANET DOWLING, Warden,

    Respondent - Appellee.

No. 17-6040
(D.C. No. 5:16-CV-00343-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Appellant John Wilson, an Oklahoma state prisoner appearing *pro se*, seeks a certificate of appealability (COA) allowing him to appeal the district court's dismissal of his application for a writ of habeas corpus under 28 U.S.C. § 2254. We deny Appellant's request for a COA and dismiss this matter.

In 2010, Appellant pleaded guilty to multiple drug and theft charges. He initially appealed to the Oklahoma Court of Criminal Appeals (OCCA) but later moved to dismiss the appeal. The OCCA granted his request to dismiss on May 13, 2011. Three years later on July 14, 2014, Appellant filed an application for post-conviction relief with the Oklahoma state district court, asking the court to allow him

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to file his direct appeal out of time on multiple different bases. The Oklahoma district court denied his request, and the OCCA affirmed on December 11, 2015. Thereafter, on April 11, 2016, Appellant filed his § 2254 habeas petition in the U.S. District Court for the Western District of Oklahoma. The district court denied Appellant's petition as untimely under 28 U.S.C. § 2244(d). Appellant now seeks a COA.

To start, 28 U.S.C. § 2244(d)(1) states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[1] At the very latest, this limitation period started on August 12, 2011, which includes the 90-day window during which Appellant could have filed a petition for certiorari. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, absent tolling or a credible assertion of actual innocence, Appellant had until August 13, 2012, to file his application in the district

---

[1] Section 2244(d)(1) states that the limitation period "shall run from the latest of" the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

court.  But Appellant did not file his post-conviction relief until July 14, 2014, which was over two years after the day the one-year limitation period had expired. Appellant's application is therefore untimely under § 2244(d) unless some other statute or legal principle can circumvent the limitation period.

One potential avenue is 28 U.S.C. § 2244(d)(2), which provides for statutory tolling of a habeas petition.  Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  Further, "[o]nly state petitions for post-conviction relief filed within the 1-year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).  We see no evidence of any pending applications for state post-conviction relief between 2011 and 2012 that would have tolled the one-year statute of limitations.  In fact, Appellant did not seek post-conviction relief until July 14, 2014.  Thus, § 2244(d)(2) cannot toll the limitation period.

Neither does the concept of equitable tolling assist the Appellant.  *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (holding that § 2244(d) "is subject to equitable tolling").  Equitable tolling requires Appellant to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quoting *Pace v. Diglielmo*, 544 U.S. 408, 418 (2005)).  But Appellant did not present any evidence that shows us he diligently pursued his rights, and we see no extraordinary circumstance that kept

3

him from filing a timely motion. We are therefore at a loss in finding any circumstances that should equitably toll the one-year limitation period.

Finally, a claim of actual innocence does not help Appellant overcome the statute of limitations set out in § 2244(d). "A credible showing of actual innocence provides an outright equitable exception to AEDPA's statute of limitations." *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–33 (2013)). Appellant must provide "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). But Appellant's only allegations arise from deficient performance of trial and appellate counsel; he does not present any new evidence that suggests he was actually innocent. Therefore, Appellant does not have a claim for actual innocence.

Because no form of tolling applies and because Appellant has not made a credible claim that he is actually innocent, his petition is time-barred by AEDPA's one-year statute of limitation. *See* 28 U.S.C § 2244(d)(1). Further, this conclusion is not debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("[A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). We therefore DENY Appellant's request for a COA and

4

DISMISS this matter.  Appellant's motion for leave to proceed *in forma pauperis* is denied.

Entered for the Court

Bobby R. Baldock
Circuit Judge