**FILED**
United States Court of Appeals
Tenth Circuit

**October 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL JACOBY,

    Defendant - Appellant.

No. 17-1431
(D.C. Nos. 1:16-CV-00133-KHV &
1:10-CR-00502-KHV-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

Michael Jacoby, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion.

*See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals from . . . the final order

in a proceeding under section 2255."). We deny a COA and dismiss this matter.

I.

Mr. Jacoby was convicted in 2012 of eleven counts of wire fraud, one count of

money laundering, and two counts of bank fraud. He was sentenced to 108 months in

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prison and five years of supervised release. This court affirmed his convictions and sentence on direct appeal. *United States v. Zar*, 790 F.3d 1036, 1059 (10th Cir. 2015).

We only briefly summarize the evidence supporting Jacoby's convictions, which was described in our previous decision. Jacoby, a real estate agent, recruited buyers to purchase homes they could not afford, orchestrated schemes to falsely inflate the homes' purchase prices, and helped the buyers fraudulently obtain mortgage loans for more than the true cost of the homes.

Jacoby devised two methods of inflating the purchase price. In one, the seller agreed to donate a significant portion of the stated sales price to a non-profit grant program, and the grant program immediately returned those funds to the home buyer. The lenders testified they did not receive paperwork disclosing the grant program arrangement, and lent money based on the inflated purchase price stated in the sales contract. In the other scheme, the buyers purchased a home through a solely-owned limited-liability company (LLC), and the LLC immediately resold the home to the buyer at a substantially higher price. The buyers did not disclose to their lenders that they owned the LLCs, and the lenders made loans based on the inflated sales price, having been misled into thinking the sale from the LLC to the buyer was an arms-length transaction.

One of buyers that Jacoby recruited, Mike Macy, pleaded guilty and testified against Jacoby at trial; two other buyers, Derek and Susanne Zar, were convicted along with Jacoby. Macy testified that Jacoby came up with these mortgage fraud schemes, set the prices, prepared the sales contracts, and either provided short-term loans to the buyers

to assist their fraudulent loan applications or found other lenders to do so. Jacoby got commissions on the sales and some of the fraudulently obtained loan proceeds.

Jacoby also fraudulently obtained two loans on his personal home, which he purchased from his partner, Ed Schulz, who assisted in the fraudulent scheme. Jacoby obtained the original mortgage from FirstBank by falsely representing the actual purchase price of the home and inflating its value by creating a false construction budget for improvements Schulz had made. Jacoby made false statements to the lender about his current income, supported by forged statement-of-income letters he submitted on his accountant's letterhead. He falsely stated he had no financial assistance in buying the home, but the evidence showed he borrowed the funds from a colleague, Ed Aabak, to make the down payment, which he later repaid with the mortgage proceeds. Jacoby then got a home equity line of credit (HELOC) from Citibank on his home, by again making false statements about his current income. He falsely told Citibank he was using the HELOC to repay a seller's lien held by Schulz. There was no such loan; Jacoby created and submitted fictitious loan and deed of trust documents to support his misrepresentation.

After this court affirmed Jacoby's conviction, he filed a timely § 2255 motion raising four claims, each with numerous sub-claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) prosecutorial misconduct and malicious prosecution; and (4) actual innocence and cumulative error resulting in a fundamental miscarriage of justice. The district court denied the § 2255 motion, finding that all of Mr. Jacoby's claims failed because he did not set forth specific and

particularized facts which, if true, would entitle him to relief. In the same order, the district court denied a COA. Mr. Jacoby filed a timely notice of appeal and renewed his request for a COA, which the district court again denied. Mr. Jacoby then filed a motion for reconsideration under Fed. R. Civ. P. 59(e), which the district court denied. Mr. Jacoby did not amend his notice of appeal to include any challenge to the denial of his Rule 59(e) motion.

## II.

In his Combined Opening Brief and Application for COA, Jacoby asserts his trial counsel was constitutionally ineffective for failing to introduce witnesses and evidence that would, he alleges, show his factual innocence. Jacoby does not reassert his claims of ineffective assistance of appellate counsel, prosecutorial misconduct, or actual innocence.[1]

To merit a COA, Mr. Jacoby must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Jacoby's § 2255 motion on the merits, he must show reasonable jurists could debate whether the motion should have been granted or the issues presented deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To decide whether reasonable jurists could debate the district court's denial of his ineffective assistance of

---

[1] Our circuit has "definitively foreclose[d] independent actual innocence claims" unconnected to any independent constitutional violation in habeas petitions. *Doe v. Jones*, 762 F.3d 1174, 1188 (10th Cir. 2017) (Tymkovich, J, dissenting in part and concurring in the judgment).

counsel claim, we make a threshold inquiry into the underlying merit of the claim. *Id*. at 482.

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To show his counsel provided ineffective assistance in violation of the Sixth Amendment, Jacoby must show (1) his counsel's representation "fell below an objective standard of reasonableness," *id*. at 688, and (2) there is a reasonable probability the result of his criminal proceedings would have been different if not for his counsel's ineffectiveness, *id*. at 694. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. "[T]he defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008) (internal quotation marks omitted).

Jacoby asserts his trial counsel was constitutionally ineffective because he failed to have key witnesses testify, to interview some witnesses prior to trial, to introduce certain evidence, and to prepare Jacoby to testify in his own defense.

A. <u>Failure to have key witnesses testify</u>. Jacoby asserts trial counsel failed to present testimony from any Colorado real estate expert witness. He speculates such an expert would have testified that Jacoby properly performed his duties as a transaction broker under Colorado's real estate rules and requirements. He also claims counsel was ineffective in not calling Ed Aabak as a witness. He asserts Aabak would have testified

5

that Aabak owed Jacoby $603,391, and that evidence would have provided a defense to the government's evidence that Jacoby lied when he told FirstBank he had no financial assistance in purchasing the home. Jacoby did not provide an affidavit from any Colorado real estate expert or from Aabak to support his assertion of their purported testimony.

"[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney." *Id*. at 1139. Jacoby offers nothing but his own speculation as to what a Colorado real estate expert or Aabak would have testified to. But "as easily as one can speculate about favorable testimony, one can also speculate about unfavorable testimony," *id.* at 1138. Courts will not speculate that evidence counsel omitted would be positive when it is equally likely the evidence would have been harmful. *See United States v. Snyder*, 787 F.2d 1429, 1432 (10th Cir. 1986). The district court concluded Jacoby failed to rebut the presumption that his trial counsel's witnesses selections were tactical decisions, or to specifically explain how these witnesses would have changed the outcome of the trial. Reasonable jurists could not debate this conclusion.

B. Failure to interview witnesses. Jacoby asserts his trial counsel failed to interview the First Bank and Citibank witnesses prior to trial. He claims his attorney would have learned from such an interview that these lenders had his 2005 and 2006 tax returns and knew of his real estate assets, and that Jacoby could use the HELOC as he chose. He also faults counsel for not interviewing the mortgage broker for one of the new homes (1065 Ridge Oak), to ascertain whether the lender had information about the grant program. The district court concluded Jacoby did not demonstrate that any failure

6

to interview these or other witnesses would have changed the outcome of the trial or was unreasonable from counsel's perspective. *See Newmiller v. Raemish*, 877 F.3d 1178, 1197 (10th Cir. 2017) (citing *Strickland*'s holding that the reasonableness of counsel's investigation must be evaluated from counsel's perspective at the time the strategic decisions were made), *petition for cert. filed* (U.S. Mar. 19, 2018) (No. 17-8224). We are satisfied from our review of the evidence presented at trial that no reasonable jurist would debate this conclusion of the district court.

C. Failure to introduce evidence. Jacoby asserts his counsel was ineffective because he did not introduce evidence (1) of his 2005 and 2006 tax returns showing he had substantial income; (2) that he had tax deferred income of $1,058,978 in 2007; (3) that FirstBank and Citibank had his 2005 and 2006 tax returns and knew he owned four properties with Schulz; (4) that he was entitled to use the Citibank HELOC however he chose; (5) that Aabak owed Jacoby $603,391; (6) that he made a short-term loan to Macy after, not before, Macy was approved for one of the mortgage loans; (7) of appraisals on two properties; (8) that some sales contracts disclosed that Jacoby was not making any representations; (9) of cash and investor discounts given by DR Horton to Derek Zar and Macy; (10) letters from mortgage brokers stating they were aware some of the transactions were not arms-length.

The district court concluded that Jacoby had not demonstrated that his counsel's decisions regarding the presentation of evidence lacked any justification. The court's "task is not to determine in the first instance whether defense counsel was deficient; it is to determine whether there is any reasonable argument that counsel satisfied *Strickland*'s

7

deferential standard." *Newmiller*, 877 F.3d at 1203 (internal quotation marks omitted).

The district court further concluded that even if Jacoby's counsel should have introduced any of this additional evidence, it was insufficient to overcome the overwhelming evidence of Jacoby's participation in the fraudulent schemes. Based on our review of the evidence, we conclude no reasonable jurist could debate the district court's denial of these claims.

D. Failure to prepare him to testify. Jacoby alleges his counsel was ineffective because he failed to prepare Jacoby to testify, or to advise him about testifying in his own defense. He asserts he could have testified as to his 2006 commission income, his 2005 and 2006 tax returns, and his real estate assets; that he did not borrow the down payment to purchase his home because Aabak owed him money; that he lent money to Macy after, not before, two loan applications; that the terms of the Citibank HELOC allowed him to use the loan however he chose; that he did not influence any home appraisals, correctly disclosed the grant program in the sales contracts, and properly performed his duties as a transaction broker; that one of the mortgage lenders knew about the grant program; and that Jacoby gave the buyers a document stating he was not involved in determining the grant amount or its terms and advising the buyers to seek legal advice.

It is well established that "[t]he decision whether to testify lies squarely with the defendant; it is not counsel's decision." *Cannon v. Mullin*, 383 F.3d 1152, 1171 (10th Cir. 2004). Jacoby made only passing references to this claim in his voluminous § 2255 motion, stating simply that his attorney failed to have him testify. Jacoby did not allege in his § 2255 motion that his counsel prevented him from testifying or was

8

otherwise ineffective in preparing or advising him of his right to testify. But even if Jacoby had presented any such evidence, his claim would fail on the prejudice prong because any failure to call him as a witness does not undermine confidence in the outcome of the trial. Based on the trial evidence, no reasonable jurist would conclude from Jacoby's description of his proposed testimony that there is a reasonable probability it would have altered the outcome of the trial.

After consideration of Jacoby's Combined Opening Brief and Application for a Certificate of Appealability and the record on appeal, we are persuaded that reasonable jurists would not debate the correctness of the district court's denial of relief under § 2255. For substantially the same reasons given by the district court, we deny Jacoby's request for a COA and dismiss this matter. Jacoby's motion to proceed in forma pauperis on appeal is granted.

Entered for the Court

Allison H. Eid
Circuit Judge