**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARK IRLANDA,

     Petitioner - Appellant,

v.

MOSES STANCIL, Director of the CO
Dept. of Corrections; BARRY
GOODRICH, Warden, Crowley County
Correctional Facility; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 25-1047
(D.C. No. 1:24-CV-01980-LTB-RTG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

To appeal the denial of an application for a writ of habeas corpus, the movant must

first obtain a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A).

Petitioner-Appellant Mark Irlanda, a prisoner in state custody, seeks a COA regarding

whether the district court erred by dismissing his habeas application as time barred.

Mr. Irlanda also moves to proceed in forma pauperis ("IFP") on appeal. Because

reasonable jurists would agree the habeas application was barred by the Anti-Terrorism

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations, we deny Mr. Irlanda's application for a COA. We also deny Mr. Irlanda's motion to proceed IFP because he has not advanced a nonfrivolous argument in support of a COA.

## I.    BACKGROUND

On November 9, 2004, Mr. Irlanda was convicted in Colorado state court for sexually assaulting a child and was sentenced to an indeterminate sentence of four years to life. Mr. Irlanda's direct appeal of that conviction concluded when the Colorado Supreme Court denied his petition for review on May 12, 2008. Shortly after, on July 28, 2008, Mr. filed a motion for a reduced sentence in state court, and when that motion was denied, he appealed its denial to the Colorado Court of Appeals. At Mr. Irlanda's request, the court of appeals dismissed that appeal on January 12, 2009.

Over a year later, on May 11, 2010, Mr. Irlanda filed a motion for post-conviction relief ("PCR") in state court. The trial court denied the PCR motion, the Colorado Court of Appeals affirmed that denial, and the Colorado Supreme Court declined to review the motion on June 6, 2016. More than a year and a half later, Mr. Irlanda filed a second PCR motion on November 6, 2017, and a third motion on November 1, 2018, both of which were denied.

On July 15, 2024, Mr. Irlanda filed an application for a writ of habeas corpus in the U.S. District Court for the District of Colorado, which was referred to a magistrate judge for an initial recommendation. In the application, Mr. Irlanda asserted five grounds for habeas relief: (1) the trial judge denied his right to a fair trial by empaneling a biased jury; (2) state prosecutors "tampered" with key witnesses; (3) state prosecutors

2

committed a *Brady* violation by withholding material evidence; (4) state prosecutors failed to present exculpatory evidence to the grand jury; and (5) the trial court lacked subject matter jurisdiction. In response, the Government filed a motion to dismiss Mr. Irlanda's application as time barred. On December 9, 2024, the magistrate judge entered an order recommending that the district court grant the motion and dismiss the application as untimely. Mr. Irlanda timely filed objections to that recommendation.

On January 16, 2025, the district court overruled Mr. Irlanda's objections and adopted the magistrate judge's recommendation, dismissing the habeas application as untimely under AEDPA's one-year statute of limitations. The district court found the application was untimely for two equally dispositive reasons. First, Mr. Irlanda's deadline to file began to run after the Colorado Court of Appeals dismissed his motion for a reduced sentence on January 12, 2009,[1] yet he did not file a habeas application before his year-long window closed on January 12, 2010. The district court rejected Mr. Irlanda's argument for equitable tolling of this deadline—that his attorneys assured him they would file a habeas application before the filing deadline, and they did not do so. The court ruled that although Mr. Irlanda's lawyers may have "miscalculated the AEDPA filing deadline," that was not an exceptional circumstance entitling Mr. Irlanda to equitable tolling. ROA at 157.

---

[1] The statute of limitations began running the day after the motion was dismissed, January 13, 2009, and ended one year later on the "anniversary date," January 12, 2010. *United States v. Hurst*, 322 F.3d 1256, 1260–61 (10th Cir. 2003).

Second, the district court held that even if AEDPA's clock was equitably tolled from January 12, 2009, until when Mr. Irlanda's first PCR motion was filed on May 11, 2010, the statute would have started running once the Colorado Supreme Court denied review of that motion on June 6, 2016.[2] But after that denial, Mr. Irlanda did not file anything in federal or state court before the one-year deadline elapsed on June 6, 2017. The district court acknowledged Mr. Irlanda's argument that his attorney, Ms. Ruttenberg, misled him by indicating in December 2015 that she would file a habeas application if the Colorado Supreme Court did not review the PCR motion. But the court found this single communication did not establish that Mr. Irlanda diligently attempted to file a habeas application before the statute of limitations expired, and he was thus ineligible for equitable tolling. *Id.* at 159.

Finally, the district court considered Mr. Irlanda's argument that his failure to comply with the filing deadline "should be excused because" his habeas claims "are meritorious." *Id.* at 160. The court acknowledged that a showing of actual innocence can provide an exception to the statute of limitations, but it found Mr. Irlanda had not made "a viable claim of actual innocence." *Id.* at 160–61. Thus, the district court dismissed Mr. Irlanda's habeas application and denied leave to proceed IFP on appeal. And the district court declined to issue a COA, finding "Mr. Irlanda ha[d] not made a substantial

---

[2] The deadline would have been statutorily tolled after Mr. Irlanda filed the PCR motion on May 11, 2010, until the motion was denied on June 6, 2016. *See* 28 U.S.C. § 2244(d)(2).

showing that jurists of reason would debate the correctness of this procedural ruling or that his constitutional rights were violated." *Id.* at 162.

## II.    STANDARD OF REVIEW

To obtain a COA, Mr. Irlanda must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Because the district court denied the habeas application on a procedural ground, Mr. Irlanda must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We review the district court's decision de novo. *See United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012) ("We generally review de novo the dismissal of a habeas petition on the ground of untimeliness.").

## III.    DISCUSSION

### A.    *Legal Standards*

Under AEDPA, a one-year statute of limitations applies to habeas motions. 28 U.S.C. § 2244(d)(1). In relevant part, the statute of limitations begins running on "the date on which the judgment became final by the conclusion of direct review." *Id.* § 2244(d)(1)(A). The deadline is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." *Id.* § 2244(d)(2). And the deadline may be equitably tolled if the untimely movant shows that he

5

(1) diligently pursued habeas relief, and (2) an "'extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

If a movant is ineligible for statutory or equitable tolling, habeas relief is barred unless the movant makes "a 'credible showing of actual innocence,'" which "provides an outright equitable *exception* to AEDPA's statute of limitations." *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). The actual innocence exception is "grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *McQuiggin*, 569 U.S. at 392 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). The Supreme Court has noted that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A claim of actual innocence cannot rest on "speculations and conjectures" but instead requires some "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)).

### B. Analysis

Mr. Irlanda is not entitled to equitable tolling. As discussed, the district court found Mr. Irlanda twice failed to comply with the one-year filing deadline: first, by not filing a habeas application within one year of the dismissal of his motion for a reduced sentence on January 12, 2009; and second, by not filing within one year of the denial of

6

his PCR motion on June 6, 2016, assuming Mr. Irlanda was entitled to equitable tolling up to that point. Mr. Irlanda resists both conclusions, arguing the only reason he did not meet either deadline was because his attorneys misrepresented that they would file a habeas application before AEDPA's clock ran out. He asserts that he was diligent in pursuing habeas relief because he "did all he could to communicate with [his] attorneys." Appellant's Br. at 3.[3]

But Mr. Irlanda has not explained why he is entitled to equitable tolling for his failure to timely file a habeas application after his first PCR motion was denied on June 6, 2016.[4] To merit equitable tolling, a habeas applicant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). "The diligence required for equitable tolling purposes is 'reasonable diligence.'" *Id.* (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (2010)). Because "[t]he exercise of reasonable diligence is an ongoing process," a prisoner's receipt of new information "may demand action that would not have been demanded without receipt of the information." *Denny*, 694 F.3d at 1190.

---

[3] We have carefully reviewed Mr. Irlanda's original brief and application for a COA, filed on February 6, 2025, as well as his supplemental brief and application for a COA, filed on March 17, 2025. No arguments in either filing alter the analysis below.

[4] Because Mr. Irlanda has not shown he is entitled to equitable tolling after failing to meet the June 6, 2017 deadline, we do not address whether he was entitled to equitable tolling after he missed the January 12, 2010 deadline.

Under AEDPA, Mr. Irlanda was required to file his habeas application by June 6, 2017, one year after his first PCR motion was denied. Mr. Irlanda does not dispute that he failed to do so. But he asserts that he missed the deadline only because his attorney at the time, Ms. Ruttenberg, misled him. To support this argument, Mr. Irlanda relies on a bar complaint he allegedly filed against Ms. Ruttenberg on March 27, 2018. In that complaint, Mr. Irlanda claimed Ms. Ruttenberg told his parents in December 2015 that if the Colorado Supreme Court rejected the PCR motion, she would prepare a federal habeas case for him "no matter what." *Id.* at 7. Mr. Irlanda stated there was no "personal contact" between himself and Ms. Ruttenberg for two years after that point, during which he "believe[ed] that she was, in fact, working on [his] federal appeal." *Id.* Mr. Irlanda claimed he did not learn until October 2017 that Ms. Ruttenberg was not preparing his habeas application, when she texted his parents "that she'd given up on the federal appeal." *Id.*

Assuming Mr. Irlanda's allegations in the bar complaint are true, they do not show that he diligently attempted to comply with AEDPA's statute of limitations after it began to run on June 6, 2016. Mr. Irlanda does not indicate that he ever attempted to confirm that Ms. Ruttenberg was preparing a habeas application for him *after* his PCR motion was denied, nor is there any indication that he otherwise attempted to pursue federal relief during the one-year period. By contrast, in *Holland*, the Supreme Court found a prisoner showed reasonable diligence when he (1) "wrote his attorney numerous letters seeking crucial information and providing direction," (2) repeatedly contacted state courts and even the state bar to have his negligent attorney removed from the case, and

8

(3) prepared and filed his own habeas petition on "the *very day* that [he] discovered that his AEDPA clock had expired." 560 U.S. at 653. But here, Mr. Irlanda fails to describe any steps he took to pursue his federal case after AEDPA's clock started running in June 2006. *See, e.g.*, *Fleming v. Evans*, 481 F.3d 1249, 1256–57 (10th Cir. 2007) (holding the petitioner arguably showed reasonable diligence when he "inquired of his counsel several times during phone calls and visits . . . as to the status of his petition" and then "took it upon himself to prepare his own petition"). Nor does Mr. Irlanda explain why he waited to file his habeas application until July 2024, over six and a half years after he learned Ms. Ruttenberg was not preparing a habeas application. *See Denny*, 694 F.3d at 1191 (noting the untimeliness caused by the defendant's "reliance on his attorney was removed once he was notified of his attorney's failure to file"). Accordingly, we hold that Mr. Irlanda is not entitled to equitable tolling because he did not demonstrate reasonable diligence in attempting to comply with AEDPA's filing deadline.

Additionally, Mr. Irlanda has not shown the statute of limitations is inapplicable because is he actually innocent. In his application, Mr. Irlanda raised five claims: (1) the trial court empaneled a biased jury; (2) the prosecutors tampered with witnesses; (3) the prosecutors committed *Brady* violations; (4) the prosecutors did not present exculpatory evidence to a grand jury; and (5) the trial court lacked subject matter jurisdiction. These claims all speak to whether Mr. Irlanda's conviction was legally sufficient, not to whether he is factually innocent. *See Pacheco v. Habti*, 62 F.4th 1233, 1242–43 (10th Cir. 2023) (collecting cases). But "[a]ctual innocence means factual innocence, not mere legal

9

insufficiency." *Bousley*, 523 U.S. at 623. Thus, Mr. Irlanda has not made a showing of actual innocence.

Accordingly, we hold that reasonable jurists would not debate the district court's decision that Mr. Irlanda's habeas application is time barred by the statute of limitations. We also hold that Mr. Irlanda has not made "a reasoned, nonfrivolous argument" that a COA should be granted, *see Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quotation marks omitted), and therefore we deny his motion to proceed IFP.

### IV.    CONCLUSION

For the reasons above, we DENY Mr. Irlanda's application for a COA, DENY his motion to proceed IFP, and DISMISS this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

10